**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William J. GRAHAM, Defendant–Appellant.**

No. 02–4495.

United States Court of Appeals, Fourth Circuit.

Submitted May 22, 2003.

Decided July 14, 2003.

John P. Bradwell, Shortridge & Shortridge, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM.

William J. Graham appeals his convictions for distribution of oxycodone, engaging in a continuing criminal enterprise, use of a firearm in a drug trafficking offense, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(c) (2000) and 21 U.S.C. §§ 841(a), 848 (2000). We affirm.

Graham first claims that there is insufficient evidence to support his conviction for maintaining a continuing criminal enterprise. Specifically, Graham contends that the Government failed to show that he managed, supervised, or organized five or more persons as part of the enterprise. Because this amounts to a challenge to the sufficiency of the evidence, we consider whether "there is substantial evidence, taking the view most favorable to the Government, to support [the conviction]." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. *See United States v. Sun,* 278 F.3d 302, 313 (4th Cir.2002).

Graham concedes that the Government established that he organized, supervised,

or managed four individuals: Scott Livesay, Beverly Livesay, Dan Sanders, and Chuck Lodge. Our review of the record discloses that the Government produced evidence that at least one other individual fell within the statutory scheme of a continuing criminal enterprise. Steve Hunnicutt testified that he purchased oxycodone from Graham for resale and returned the profits to Graham. That Graham worked closely with another individual who also supplied Hunnicutt is of no moment. Accordingly, we deny this claim.

Graham next claims that 18 U.S.C. § 922(g) is facially unconstitutional inasmuch as Congress exceeded its authority under the Commerce Clause in enacting it. As the district court correctly concluded, Graham's claim is foreclosed by our decisions in *United States v. Gallimore,* 247 F.3d 134 (4th Cir.2001), and *United States v. Wells,* 98 F.3d 808 (4th Cir.1996). It is well established that a panel of this court cannot overrule the decision of another panel. *United States v. Najjar,* 300 F.3d 466, 486 n. 8 (4th Cir.), *cert. denied,* 537 U.S. 1094, 123 S.Ct. 705, 154 L.Ed.2d 641 (2002). We deny this claim.

We also have reviewed the additional claims raised by Graham in his pro se supplemental brief and conclude that they are lacking in merit. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*